# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RUDOLPH W. UNDERWOOD**                                                                              **PLAINTIFF**

v.                                      **CASE NO. 4:07-MC-00018 GTE**

**GEORGE HOWARD, JR., individually**
**and as United States District Judge, et al.**                                                       **DEFENDANTS**

## ORDER OF DISMISSAL

Pending before the Court is Rudolph W. Underwood's Verified Petition for Depositions Before Action or Pending Appeal Pursuant to Rule 27(A) of the Federal Rules of Civil Procedure. This Plaintiff filed an almost identical action in Case No. 4:07-MC-00017 before Judge Moody. Judge Moody denied Plaintiff's petition, Plaintiff's Motion for Reconsideration, and Plaintiff's Motion for Recusal. Plaintiff appealed, but his appeal was dismissed for failure to prosecute. Therefore, this appears to be a successive filing of the same action. For the same reasons stated by Judge Moody, the petition is denied.

Rule 27 states that "a person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." Fed. R. Civ. P. 27(a). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," then it may order depositions to be taken. Fed. R. Civ. P. 27(c).

Under Rule 27, a district judge may deny discovery in anticipation of litigation if the petition fails to show that the petitioner expects to be a party to an action which he is unable to

bring or cause to be brought and that without the perpetuation of the testimony a failure or delay of justice will occur. Fed. R. Civ. P. 27(a)

Underwood's petition does not explain why he was unable to file his action at the time he filed his Rule 27 motion, or how a failure or delay of justice will occur if he is not allowed to depose the anticipated defendants.  Underwood states only that (1) he was released from prison in February of 2007; (2) he is unemployed; (3) he is trying to get his personal matters in order; and that questioning the anticipated defendants will prove fraud.  These reasons are insufficient to meet the requirements of the rule.

A review of Plaintiff's previous filings indicate that Plaintiff has a practice of filing frivolous lawsuits and meritless petitions, and perpetuating them through motions for recusal and motions for reconsideration.  Thus, Plaintiff is directed not file any more pleadings in this case, and the Clerk is directed not to accept any such documents for filing in this matter.  Furthermore, the Clerk is directed not to file any further actions by Petitioner without first obtaining approval by the undersigned.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Verified Petition (Docket No. 1) be, and it is hereby, DENIED.  The Clerk is directed to close this case.

IT IS FURTHER ORDERED THAT the Clerk shall not to accept any more motions for filing in this case.

IT IS FURTHER ORDERED THAT the Clerk shall not file any further actions by Petitioner without first obtaining this Court's approval.

IT IS SO ORDERED this 6th day of November, 2007.

                                            /s/Garnett Thomas Eisele
                                            UNITED STATES DISTRICT JUDGE